Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA CORPORATION, a Delaware Corporation; and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID ZIGAL, Trustee of The Paul H. Davis Revocable Trust

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>The name and address of the court is:<br>*(El nombre y dirección de la corte es):*</td>
<td>Superior Court of California<br>County of San Francisco<br>Civic Center Courthouse<br>400 McAllister Street<br>San Francisco, 94102-3680</td>
<td>CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-25-621257**</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

AARON R. JACKSON, JACKSON LAW GROUP, P.C., 100 Pine Street, Suite 1250, San Francisco, CA 94111   Tel: (415) 379-0560

<table>
<tr>
<td>DATE:<br>*(Fecha)* **01/08/2025**</td>
<td>Clerk, by<br>*(Secretario)*</td>
<td>**SAHAR ENAYATI**</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BANK OF AMERICA CORPORATION

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>
*www.courts.ca.gov*

1  Aaron R. Jackson (SBN 250403)
2  **JACKSON LAW GROUP, P.C.**
   100 Pine Street, Suite 1250
3  San Francisco, CA 94111
   Telephone: (415) 379.0560
4  Facsimile: (415) 869.3723
   Email: aaron@jacksonlawgrouppc.com
5
   Attorneys for Plaintiff
6  DAVID ZIGAL, Trustee of The Paul H. Davis Revocable Trust,

7

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**01/08/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

8  ## IN THE SUPERIOR COURT OF CALIFORNIA

9  ## IN AND FOR THE COUNTY OF SAN FRANCISCO

10  ## UNLIMITED CIVIL DIVISION

11

12  DAVID ZIGAL, Trustee of The Paul H. Davis
13  Revocable Trust;

14              Plaintiff,

15      vs.

16  BANK OF AMERICA CORPORATION, a
17  Delaware Corporation; and DOES 1 through
    20,

18              Defendants.

19

20

21

22

23

24

25

26

CASE NO.:
**CGC-25-621257**
**Amount demanded exceeds $35,000**

**COMPLAINT FOR DAMAGES:**

1) **BREACH OF CALIFORNIA COMMERCIAL CODE SECTIONS 11202,** *et seq*;
2) **BREACH OF DEPOSIT AGREEMENT**
3) **NEGLIGENCE AND GROSS NEGLIGENCE**
4) **VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT**
5) **DECLARATORY AND INJUNCTIVE RELIEF**

**<u>JURY TRIAL DEMANDED</u>**

27      Plaintiff DAVID ZIGAL, Trustee of The Paul H. Davis Revocable Trust (collectively

28  herein, "Plaintiff" or the "Trust"), hereby allege against Defendant BANK OF AMERICA

-1-

CORPORATION, a Delaware corporation (referred to as "Bank of America" or "Defendant") upon personal knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE DISPUTE

1. This dispute results from numerous unauthorized withdrawals and transfers from bank account belonging to the Trust, entrusted to Bank of America, by entities referred to on Plaintiff's statement of account as "Added Touch Catering", "Added Touch" and "Flamingo Travel Group" totaling at least $199,671. However, the identities of these entities have not been verified, largely due to the willful refusal by Bank of America to adhere to lawful process and help the Trust recover the money stolen from its account, after it clearly failed to use commercially reasonable security measures that would have prevented the thefts in the first instance.

## PARTIES

2. Plaintiff DAVID ZIGAL, the Trustee of The Paul H. Davis Revocable Trust.

3. Defendant BANK OF AMERICA CORPORATION is a Delaware Corporation with its principal place of business located in Charlotte, North Carolina, is located and doing business in the City and County of San Francisco, California.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to show their true names and/or capacities when the same have been ascertained. Plaintiff is informed, believe, and thereon allege that each of the Doe Defendants is, in some manner, legally responsible for the events and happenings herein set forth herein, which acts proximately caused the injury and damages to Plaintiffs as herein alleged.

-2-

## JURISDICTION AND VENUE

5.    The Court has jurisdiction as the amount in controversy herein exceeds the jurisdictional amount of this Court.

6.    Per Section 395(b) of the California Code of Civil Procedure, venue lies in the Superior Court in and for the City and County of San Francisco, as Defendants are found and doing business in the City and County of San Francisco.

## FACTUAL BACKGROUND

1.    The Paul H. Davis Revocable Trust (the "Trust") is the owner and account holder of the Bank of America account ending in 0816 ("Trust Account 0816").

2.    Commencing on January 12, 2023, and continuing through February 3, 2023, twenty-one (21) fraudulent withdrawals (the "Fraudulent Transfers") were made from Trust Account 0816, without the knowledge of authorization of the Trust, by way of withdrawal by, on information and belief, by the entities referred to as "Added Touch Cate", "Added Touch Catering", "Added Touch" and "Flamingo Travel Group" totaling **$199,671**, although the Trust is still investigating this matter and reserves the right to revise that figure.

3.    Each of the withdrawals made from Trust Account 0816 were made in similar, yet slightly different amounts, starting with an initial withdrawal of $4,587.00 and then withdrawals ranging from $9,487.00 to $9,862.00.

4.    On information and belief and alleged on that basis, all the twenty-one (21) Fraudulent Transfers that were made from Trust Account 0816 were paid to the entities referred to as "Flamingo Travel Group", "Added Touch". "Added Touch Catering" and "Added Touch Cate." The Trust has had no prior dealing with these entities.

5.    The Fraudulent Transfers were clearly suspicious, as they were irregular and novel payments methods of the Trust. For example, the Trust had never employed a single ACH payment order before the Fraudulent Transfers were made from Trust Account 0816 to Added Touch Cate and Flamingo Travel Group. Further, there was no activity of any kind in the Trust Account 0816 in the months before the Fraudulent Transfers. Rather, Trust Account 0816 was dormant for many months.

-3-

*Zigal., v. Bank of America,* San Francisco County Superior Court Case No.:
*Complaint for Damages*

6.      The Fraudulent Transfers never should have been approved by Bank of America. The Fraudulent Transfers were only approved because Bank of America failed to follow the appropriate and commercially reasonable security measures that are standard in the banking industry, such as multi-factor authentication, transaction monitoring, client notification and immediate suspension of suspicious transactions.

7.      Specifically, Bank of America, as a financial institution and fiduciary, is required to follow commercially reasonable and industry-standard security procedures to safeguard account holders against unauthorized transfers. These procedures include, but are not limited to:

a.  **Multi-Factor Authentication (MFA):** Requiring multiple layers of verification, such as password entry followed by a secondary verification step (e.g., sending a one-time code to a verified email or phone number).

b.  **Transaction Monitoring Systems:** Employing automated systems that detect and flag suspicious activities based on transaction history, patterns, and account behavior.

c.  **Daily Withdrawal Limits:** Enforcing account-specific daily withdrawal limits to prevent high-volume or high-value unauthorized transactions.

d.  **Fraud Alerts:** Promptly notifying account holders of irregular or suspicious transactions for verification before processing.

e.  **Enhanced Verification for High-Risk Transactions:** Flagging and verifying unusual or high-risk transactions, such as payments to unknown vendors or entities that the account holder has no prior history of transacting with.

f.  **Immediate Account Suspension:** Temporarily suspending accounts where unusual or unauthorized transactions are detected to prevent further fraudulent activity.

g.  **Customer Communication:** Ensuring timely communication with account holders regarding any unusual or suspicious activity to confirm the authenticity of transactions before they are processed.

8.      Bank of America failed to implement these commercially reasonable and industry-

-4-

1    standard security procedures to safeguard the Trust's account.

2        9.      Bank of America did not employ transaction monitoring to identify and flag the
3    irregular and novel payment orders to "Added Touch Cate" and "Flamingo Group Travel," despite
4    these being the only transactions on the Trust Account 0816 in the relevant months and inconsistent
5    with the account's prior usage.

6        10.     Bank of America further failed to place a temporary hold or suspension on Trust
7    Account 0816 upon detecting these unusual withdrawals, allowing all twenty-one (21) Fraudulent
8    Transfers to be completed

9        11.     Bank of America also failed to notify the Trust of the suspicious activity or verify the
10    transactions with the Trust prior to processing them

11        12.     If Bank of America has implemented commercially reasonable and industry-standard
12    security procedures, the Fraudulent Transfers would not have been allowed.

13        13.     The Trust specifically requested that additional security measures be placed on the
14    account, Bank of America did not adhere to these security procedures.

15        14.     As a result of Bank of America's failure to act and implement proper security
16    measures, the Trust has suffered significant financial losses totaling at least $199,671, although their
17    investigation is ongoing.

18        15.     Shortly after the Fraudulent Transfers, on information and belief and on that basis
19    alleged, on or about February 3, 2023, the Trust notified Bank of America of the Fraudulent
20    Transfers and demanded their return of said funds.

21        16.     On that date, the Trust informed Bank of America they were jointly and severally
22    liable for the Fraudulent Transfers because Bank of America should have recognized the Fraudulent
23    Transfers were suspicious, irregular and unauthorized; and, thus, Bank of America should have
24    notified the Trust of the Fraudulent Transfers and refused to process the Fraudulent Transfers to the
25    entities referred to as "Added Touch Cate" and "Flamingo Group Travel."

26        17.     Bank of America refused to return all of funds from the Fraudulent Transfers.

27        18.     To compound its own failures in preventing or stopping the Fraudulent Transfers,
28    Bank of America also willfully refused to provide the Trust any information that would have enabled

-5-

1   the Trust to identify and find the entities referred to as "Added Touch Cate" and "Flamingo Group

2   Travel" so the Trust could recover their stolen funds. Bank of America also refused to provide the

3   Trust any information regarding the financial entities that received the funds from the Fraudulent

4   Withdrawals, thereby again frustrating the Trust's ability to recover their stolen funds. Instead,

5   Bank for America advised the Trust to file a formal lawsuit against Added Touch Cate and Flamingo

6   Group Travel and issue a civil subpoena to require Bank of America to (a) provide information

7   regarding the identity of "Added Touch Cate", "Added Touch" and "Flamingo Travel Group," and

8   (b) the financial entities that received the funds from the Fraudulent Transfers.

9       19.     At the behest of Bank of America, on or about September 20, 2024, the Trust filed the

10   action entitled *David Zigal, as Trustee of the Paul H. Davis Revocable Trust, et al. v. Added Touch*

11   *Catering, et al.*, Civil Case Number CGC-24-618295, in the Superior Court of California, County of

12   San Francisco. However, before the Trust filed the Lawsuit, the Trust notified Bank of America it

13   intended to pursue its claims for damages against Bank of America in addition to filing its claims

14   against the entities "Added Touch Cate" and "Flamingo Group Travel."

15       20.     In October 2024, the Trust issued a subpoena to Bank of America seeking documents

16   (a) evidencing the identity of the entities referred to as "Added Touch Cate" and "Flamingo Travel

17   Group" on the account statements for Trust Account 0861, (b) the financial institution(s) that

18   received the funds from the Fraudulent Transfer, among other numerous requests.

19       21.     In December 2024, Bank of America refused to provide any substantive response to

20   the subpoena. Instead, it incredulously claimed it had no responsive documents to the subpoena,

21   thereby willfully refusing to assist the Trust locate the funds stolen by the Fraudulent Transfer or

22   identify and locate the perpetrator of the Fraudulent Transfers. As such, Bank of America has

23   further compounded its own failures and liability for the Fraudulent Transfers by willingly refusing

24   to enable its account holder to locate the stolen funds, which Bank of America is jointly and

25   severally liable for.

26

27

28

-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM

### BREACH OF CALIFORNIA COMMERCIAL CODE SECTIONS 11202, *et seq.*

22.    The Trust re-alleges and incorporates herein by reference each and every allegation contained in the paragraph immediately preceding this paragraph, as though fully set forth herein.

23.    Under California Commercial Code § 11202, *et. seq.* Bank of America had a duty to process payment orders in good faith and exercise ordinary care.

24.    Bank of America failed to exercise ordinary care by processing the Fraudulent Transfers that were irregular, novel, and suspicious, given the history of Trust Account 0816.

25.    Bank of America failed to use commercially reasonable security procedures in Trust Account 0816, or otherwise exercise ordinary care, which would have prevented the authorization of the Fraudulent Transfers.

26.    Bank of America failed to employ commercially reasonable methods for providing security to the Trust against unauthorized payment orders, including, but not limited to monitoring and reporting systems, notification and fraud prevention. Industry standard commercially reasonable security procedures would have analyzed the activities of the Trust and identified the suspicious patterns, notified the Trust and refused to honor the unauthorized payment orders as fraudulent.

27.    Bank of America should have flagged the suspicious transactions and notified the Trust of the suspicious activity, including refusing to honor any further payment orders or the any of the Fraudulent Transfers, because the Fraudulent Transfers were entirely inconsistent with its past transactions and type of accounts held by the Client, among other reasons.

28.    As a direct and proximate result of Bank of America's failure to use commercial reasonable security procedures with Trust Account 0816, the Trust suffered consequential, special and general damages totaling at least $199,671, subject to proof at trial.

29.    The Trust seek judgment for their damages caused by Bank of America' failures, including their actual, consequential, incidental, replacement, and sentimental damages, costs of suit,

-7-

1  attorneys' fees, refund of the Fraudulent Transfers processed by Bank of America, statutory damages
2  and pre and post judgment interest.

3  ### SECOND CLAIM

4  ### BREACH OF DEPOSITOR AGREEMENT

5  30.    The Trust re-alleges and incorporates herein by reference each and every allegation
6  contained in the paragraph immediately preceding this paragraph, as though fully set forth herein.

7  31.    The Trust and Bank of America entered into a deposit agreement whereby Bank of
8  America agreed to safeguard the Trust's account and prevent unauthorized transactions.

9  32.    In the Deposit Agreement, Bank of America agreed to safeguard Plaintiff's account
10 and implement appropriate security measures.

11 33.    Bank of America breached the Deposit Agreement by failing to detect, investigate,
12 implement and maintain adequate security measures to prevent the Fraudulent Transfers.

13 34.    Bank of America breached the Deposit Agreement by refusing to provide any
14 information regarding: (a) the financial institutions that received the Fraudulent Transfers, (b) the
15 identity of the perpetrators of the Fraudulent Withdrawals, or (c) any information that would assist
16 the Trust is recovering the funds stolen in the Fraudulent Transfers.

17 35.    Bank of America breached the Deposit Agreement by failing to return the funds
18 subject to the Fraudulent Withdrawals.

19 36.    As a direct and proximate result of Bank of America's breach of the Deposit
20 Agreement, the Trust suffered financial losses in the amount of at least $199,671, subject to proof at
21 trial.

22 ### THIRD CLAIM

23 ### NEGLIENCE AND GROSS NEGLIGENCE

24 37.    The Trust re-alleges and incorporates herein by reference each and every allegation
25 contained in the paragraph immediately preceding this paragraph, as though fully set forth herein.

26 38.    Bank of America had a duty to act reasonably when maintaining the funds in Trust
27 Account 816. Bank of America owed Plaintiff a duty of care to safeguard Trust Account 0816 and
28 prevent unauthorized withdrawals.

-8-

39.    Bank of America breached their duty by failing to implement standard security measures and by failing to act upon the irregular and suspicious nature of the transactions.

40.    Bank of America exhibited an extreme departure from the ordinary care in its management of Trust Account 0816.

41.    Bank of America failed to exercise case that even a careless entity would take in its management of Trust Account 0816.

42.    Bank of America willfully refused to provide the Trust with any information to enable the Trust to recover the Fraudulent Transfers, despite indicating it would provide such information in response to a subpoena.

43.    Bank of America willfully refused to comply with a subpoena seeking information to enable the Trust to recover the funds in the Fraudulent Transfers.

44.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wantonness, willful misconduct, and unlawfulness of Bank of America, The Trust suffered consequential, special and general damages in an amount totaling at least $199,671.

45.    The Trust seeks judgment for their damages caused by Bank of America' failures, including their actual, consequential, incidental, replacement, emotional distress, and sentimental damages, costs of suit, and pre and post judgment interest.

## FOURTH CLAIM

### VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT ("EFTA")

46.    The Trust re-alleges and incorporates herein by reference each and every allegation contained in the paragraph immediately preceding this paragraph, as though fully set forth herein.

47.    Bank of America is subject to the provisions of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq.

48.    Bank of America violated the EFTA by failing to investigate and resolve the unauthorized transactions in a timely manner and by failing to follow appropriate security protocols.

49.    As a result of Bank of America's violation of the EFTA, the Trust is entitled to statutory damages, refund of the Fraudulent Transfers, actual damages in the amount of no less than $199,671, subject to proof at trial, and attorneys' fees.

-9-

## FIFTH CLAIM

### DECLARATORY AND INJUNCTIVE RELIEF

50.  The Trust re-alleges and incorporates herein by reference each and every allegation contained in the paragraph immediately preceding this paragraph, as though fully set forth herein.

51.  An actual controversy exists between the Trust and Bank of America regarding Bank of America's liability for the Fraudulent Transfers.

52.  The Trust seeks a judicial declaration that Bank of America is liable for the Fraudulent Withdrawals and an injunction requiring Bank of America to return the funds and provide all information regarding the fraudulent transactions.

### PRAYER FOR RELIEF

**WHEREFORE**, The Trust pray for judgment against Bank of America as follows:

1.  For actual and compensatory damages in excess of $199,671, subject to proof at time of trial;

2.  Refund to the Trust of the Fraudulent Transfers processed by Bank of America;

3.  Statutory damages under California Commercial Code § 11202;

4.  Statutory damages under 15 U.S.C. §1693 et set;

5.  For punitive damages to the extent allowed by law;

6.  For pre-judgment and post-judgment interest on all sums determined to be due;

7.  For attorney's fees to the extent allowed by law;

8.  For costs of suit; and

9.  For such other relief as the Court deems just and proper.

//
//
//
//
//
//
//

-10-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-entitled action on all issues and questions which may be submitted to a jury and to that end will post jury fees.

Dated:  January 8, 2025                    **JACKSON LAW GROUP, P.C.**

By_____
Aaron R. Jackson, Attorney for
Plaintiff DAVID ZIGAL, Trustee of the Paul H.
Davis Revocable Trust

-11-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>AARON R. JACKSON    (SBN 250403)<br>JACKSON LAW GROUP, P.C.<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 379-0560    FAX NO.: (415) 869-3723<br>EMAIL ADDRESS: aaron@jacksonlawsf.com<br>ATTORNEY FOR *(Name)*: Plaintiff David Zigal, Trustee of the Paul H. Davis Rev. Trust | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, 94102-3680<br>BRANCH NAME: Civic Center Courthouse | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**01/08/2025**<br>**Clerk of the Court**<br>BY: SAHAR ENAYATI<br>**Deputy Clerk** |

CASE NAME: Zigal v. Bank of America Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-25-621257 |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | **(Cal. Rules of Court, rules 3.400–3.403)**<br>[ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Construction defect (10)<br>[ ] Mass tort (40) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [X] Other contract (37)<br>**Real Property** | [ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>    condemnation (14) | [ ] Insurance coverage claims arising from the<br>    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |     types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2025

AARON R. JACKSON
    (TYPE OR PRINT NAME)            ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.      Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition